# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS BON STOUT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-07-0020-HE |
| ) | |
| OFFICER COOK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Thomas Bon Stout, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition to Oklahoma County and the Oklahoma Department of Corrections ("DOC"), the plaintiff sued the Warden of the Lawton Correctional Facility, the Oklahoma County Sheriff and various employees of the Oklahoma County Detention Center ("jail") and the DOC. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo. He recommends that motions to dismiss/motions for summary judgment filed by all defendants except for Dustin Cook and Justin Pittman, two former Oklahoma County Jail detention officers, be granted because the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

The plaintiff objected to the Report and Recommendation, stating that he was not oriented when he arrived at the Oklahoma County Detention Center ("Center"), was informed the Center was out of hand books and "knew little of the grievance procedures." Plaintiff's Objection, attached Statement. The plaintiff also states that he requested, but was not provided with, grievance forms. *Id.*

"The Prison Litigation Reform Act ('PLRA'), 42 U.S.C. § 1997e(a), requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). An inmate must complete the grievance process to exhaust his remedies, "the doctrine of substantial compliance does not apply." *Id*.  However, failure to exhaust may be excused if caused by a prison official's interference with, or obstruction of, the grievance process. *See id.* at 1032 (prison official's "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable").

The plaintiff did not provide the magistrate judge with the Statement he attached to his Objection.  However, it suffers from the same deficiencies as the evidence reviewed by the magistrate judge in conjunction with the exhaustion issue.  That evidence consisted of affidavits from other inmates who claim they were unable to obtain Request to Staff and grievance forms from jail staff and a document titled "Petition to the 10th Circuit."  Doc. #69, exhibits.  None of the affiants identify the staff members who they claim refused to provide the forms needed or when the requests were made and refused.  As noted by the magistrate judge, the Petition even acknowledges that some officers would provide the forms. *Id.*, Petition, p. 1. ("This was a strange situation indeed with some officers providing the forms and some not ....").  The conclusory assertions of interference by jail staff offered by the plaintiff are insufficient to create a fact question as to whether or not he exhausted his

administrative remedies.[1]  The court also notes that preliminary review of the defendants' other arguments in support of their motions suggests that, were the court to consider them, the result – the entry of summary judgment in the defendants' favor – would be the same.

The court agrees with the magistrate judge that the plaintiff failed to exhaust his administrative remedies and adopts Magistrate Argo's Report and Recommendation. Accordingly, the motions to dismiss/motions for summary judgment filed by defendants Cunningham, Crow, and the Oklahoma Department of Corrections [Doc. #57], by defendant Miller [Doc. #58]; and by defendants Whetsel, Finley, Willis, Doe and the Board of County Commissioners of Oklahoma County [Doc. #61] are **granted**.

The litigation is not, however, concluded, as claims remain pending against defendants Cook and Pittman.[2]  The court's review of the record suggests that these individuals may not have been properly served as it appears process was left at their former place of employment.  The matter is referred again to Magistrate Judge Argo for the resolution of the plaintiff's claims against defendants Cook and Pittman and for the appointment of counsel to assist the plaintiff as to the remaining claims, as a substantial basis

---

[1]*Also, the plaintiff does not claim that staff at the Lawton Correctional Facility refused to provide him with the appropriate forms to pursue his grievances.  He states in his response to defendant David Miller's motion that he filed a grievance and sent a grievance appeal to the GEO Group, Inc.  Doc. #74, p. 4. The court concurs with the magistrate judge that, by failing to submit his grievance to the facility head where the alleged incident occurred, the plaintiff did not exhaust his property claim.*

[2]*Liberally construed, the amended complaint would appear to assert both constitutional and pendant state tort claims against defendants Cook and Pittman.*

for his claims against one or both of the remaining defendants has been suggested by the submissions in this case.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE